IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MISAEL ROSARIO PACHECO, SR., | ) | |
|     Petitioner, | ) | Case No. 7:21-cv-00389 |
| v. | ) | |
| | ) | |
| J.C. STREEVAL, WARDEN, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | Chief United States District Judge |

### MEMORANDUM OPINION

Misael Rosario Pacheco, Sr., a federal inmate proceeding pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Pacheco claims that his conviction for possession of a firearm by a convicted felon is no longer valid in light of the Supreme Court's decision in Rehaif v. United States, 588 U.S. ___, 139 S. Ct. 2191 (2019). The respondent has moved to dismiss the petition for lack of jurisdiction. ECF No. 5. Upon review of the record, the court concludes that it lacks jurisdiction over the petition. Therefore, the court will grant the respondent's motion and dismiss the petition without prejudice.

### I.    BACKGROUND

On July 13, 2016, a federal grand jury in the Middle District of Georgia returned a superseding indictment against Pacheco, which charged him with possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). See United States v. Pacheco, No. 7:15-cr-00021, Dkt. No. 34 (M.D. Ga. July 13, 2016). The superseding indictment further alleged that Pacheco qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on the following prior convictions:

>(1) on December 16, 1999, he pled guilty to one felony count of Assault with Intent to Rob and Steal Being Armed, one felony count of Home Invasion-1st Degree, and one felony count Felony Firearm in case number 98-013859-01-FC, in the 3rd Judicial Circuit of Wayne County, Michigan;
>
>(2) on February 6, 2001, he pled guilty to one felony count of Home Invasion-1st Degree, in Case Number 99-012437-01-FC, in the 3rd Judicial Circuit, Wayne County, Michigan; and
>
>(3) on October 19, 2012, he pled guilty to one felony count of Assault with Intent to do Great Bodily Harm Less Than Murder, in Case Number 12-008545-01-FH in the 3rd Judicial Circuit, Wayne County, Michigan.

Id.

The case proceeded to a jury trial in July 2016. At trial, the parties "stipulated and agreed" that Pacheco had "previously been convicted of a felony offense." Id., Dkt. No. 39 at 15 (M.D. Ga. July 19, 2016). Nonetheless, at the conclusion of its case-in-chief, the government introduced evidence of his "prior convictions for assault with intent to rob and steal while armed, home invasion first degree, and felony firearm." United States v. Pacheco, 709 F. App'x 556, 558 (11th Cir. 2017). "The jury ultimately found Pacheco guilty of possession of a firearm by a convicted felon." Id.

Pacheco appeared for sentencing on October 12, 2016. At that time, the district court concluded that Pacheco qualified as an armed career criminal under the ACCA and sentenced him to a term of imprisonment of 300 months. Id.

On direct appeal, Pacheco argued that the district court erred in allowing the government to introduce evidence of his prior convictions and that the district court improperly sentenced him under the ACCA. Id. at 557. The United States Court of Appeals

2

for the Eleventh Circuit rejected both arguments and affirmed his conviction and sentence. Id.

In January 2019, Pacheco filed his first motion to vacate under 28 U.S.C. § 2255, in which he asserted the same arguments that were made on direct appeal. See United States v. Pacheco, No. 7:15-cr-00021, Dkt. No. 74 (M.D. Ga. Jan. 31, 2019). The district court denied the motion in September 2020. Id., Dkt. No. 89 (M.D. Ga. Sept. 17, 2020).

In June 2019, the Supreme Court issued its decision in Rehaif v. United States, which "clarified the mens rea requirement for firearms-possession offenses, including the felon-in-possession offense" with which Pacheco was charged. Greer v. United States, 593 U.S. ___, 141 S. Ct. 2090, 2095 (2021). "In felon-in-possession cases after Rehaif, the Government must prove not only that the defendant knew he possessed a firearm, but also that he knew he was a felon when he possessed the firearm." Id.; see also Rehaif, 139 S. Ct. at 2200 ("We conclude that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.").

Pacheco subsequently filed an application seeking authorization to file a second or successive § 2255 motion based on Rehaif. See In re Pacheco, No. 20-14252, 2020 U.S. App. LEXIS 38455, *2–3 (11th Cir. Dec. 9, 2020). The Eleventh Circuit denied the application, concluding that Pacheco's Rehaif claim "does not meet the statutory criteria because Rehaif did not announce a new rule of constitutional law that the Supreme Court made retroactive to cases on collateral review." Id. at *4.

Pacheco is currently incarcerated at USP Lee in Pennington Gap, Virginia. On July 1, 2021, he filed the instant petition under 28 U.S.C. § 2241. Relying on Rehaif, Pacheco argues that his conviction under § 922(g)(1) is no longer valid because the government was not required to prove that he knew he was a felon at the time he possessed the firearms identified in the superseding indictment. See Pet., ECF No. 1, at 2.

On October 25, 2021, the respondent moved to dismiss the petition for lack of jurisdiction. ECF No. 5. Pacheco has responded to the motion, ECF No. 12, and it is ripe for disposition.

## II.   DISCUSSION

When a federal prisoner seeks to challenge the validity of a conviction or sentence, he ordinarily must file a motion to vacate under § 2255. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves 'inadequate or ineffective to test the legality of [a prisoner's] detention.'" Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) (quoting 28 U.S.C. § 2255(e)). The requirements of the savings clause are jurisdictional. United States v. Wheeler, 886 F.3d 415, 425–426 (4th Cir. 2018). The petitioner bears the burden of demonstrating that he satisfies the savings clause requirements. See Hood v. United States, 13 F. App'x 72 (4th Cir. 2001) (finding no reversible error in the district court's conclusion that the petitioner had "failed to satisfy his burden of demonstrating that [§ 2255] is an inadequate or ineffective means of challenging the validity of his detention").

The United States Court of Appeals for the Fourth Circuit has crafted a three-part test for determining when a federal prisoner can challenge a conviction by way of the savings

clause. In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Under that test, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. (paragraph breaks added). If any one of these prongs is not satisfied, the court may not entertain a § 2241 petition challenging the validity of a federal conviction. See Wheeler, 886 F.3d at 425.

Upon review of the record, the court concludes that Pacheco has not satisfied the second prong of the Jones test. He has not met his burden of demonstrating that Rehaif changed the substantive law such that the conduct of which he was convicted is no longer criminal. In other words, Pacheco has failed to show that he would not be convicted of violating § 922(g)(1) in light of Rehaif. See Harrison v. Streeval, No. 7:21-cv-00267, 2022 U.S. Dist. LEXIS 53200, at *10 (W.D. Va. Mar. 24, 2022) (explaining that the second prong of the Jones test "requires an assessment of the petitioner's conduct to determine whether he was convicted of conduct that is no longer criminal, effectively asking whether the petitioner still could be convicted of that crime after the change in law").

As indicated above, Rehaif clarified that a felon-in-possession charge under § 922(g)(1) requires the government to prove that the defendant "knew he was a felon when he possessed the firearm." Greer, 141 S. Ct. at 2095 (emphasis omitted). In other words, the government

5

must prove that the defendant knew he had been convicted of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). The government's obligation in this regard is not "burdensome," however, as "knowledge can be inferred from circumstantial evidence," Rehaif, 139 S. Ct. at 2198 (internal quotation marks and citation omitted), including the defendant's criminal history. The Supreme Court's recent decision in Greer is instructive on this point:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets. That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a reasonable probability that, but for the Rehaif error, the outcome of the proceedings would have been different.

Greer, 141 S. Ct. at 2097 (internal quotation marks and citations omitted). The Supreme Court ultimately concluded that the defendants had not met their burden of showing that the Rehaif errors in their respective cases affected their substantial rights, explaining as follows:

> Before their respective felon-in-possession offenses, both Greer and Gary had been convicted of multiple felonies. Those prior convictions are substantial evidence that they knew they were felons. Neither defendant has ever disputed the fact of their prior convictions. At trial, Greer stipulated to the fact that he was a felon. And Gary admitted that he was a felon when he pled guilty. Importantly, on appeal, neither Greer nor Gary has argued or made a representation that they would have presented evidence at trial that they did not in fact know they were felons when they

6

> possessed firearms. Therefore, Greer cannot show that, but for the Rehaif error in the jury instructions, there is a reasonable probability that a jury would have acquitted him. And Gary likewise cannot show that, but for the Rehaif error during the plea colloquy, there is a reasonable probability that he would have gone to trial rather than plead guilty.

Id. at 2097–98.

Although Greer involved unpreserved Rehaif claims raised on direct appeal, the Supreme Court's reasoning "applies with equal force" to Pacheco's Rehaif claim. Harrison, 2022 U.S. Dist. LEXIS 53200, at *14; see also Wilson v. Streeval, No. 21-7455, 2022 U.S. App. LEXIS 9885, at *2 (4th Cir. Apr. 1, 2022) ("In light of the Supreme Court's decision in [Greer], we discern no error in the district court's ruling that Wilson could not satisfy . . . the In re Jones standard."). As in Greer, Pacheco stipulated to the fact that he was a felon at trial, and the record establishes that he had been convicted of multiple felony offenses at the time he possessed the firearms identified in the superseding indictment. See Pacheco, 709 F. App'x at 562 (holding that Pacheco was properly sentenced as an armed career criminal based on the following "violent felony convictions": "(1) a 1999 home invasion conviction; (2) a 2001 home invasion conviction; and (3) a 2012 assault with intent to do great bodily harm conviction"); see also Pet.'s Resp. to Mot. Dismiss, ECF No. 12, at 2 (acknowledging that he "has been convicted of felonies . . . ."). Moreover, Pacheco actually served more than five years in prison for the home invasion convictions in 1999 and 2001. See Presentence Report, ECF No. 5-2, at ¶¶ 35 and 37. This evidence, considered collectively, makes it "virtually impossible to believe" that Pacheco did not know he had been convicted of a felony. United States v. Caldwell, 7 F.4th 191, 213 (4th Cir. 2021) (reaching the same conclusion on direct appeal where the defendant "stipulated at trial to having had [a felony] conviction" and "had, on

7

several occasions, served sentences longer than a year"); see also United States v. Hobbs, 953 F.3d 853, 858 (6th Cir. 2020), cited with approval in United States v. Coats, 8 F.4th 1228, 1239 (11th Cir. 2021) ("Hobbs had previously been convicted of aggravated robbery in Ohio and had served six years in prison for that offense. No reasonable juror could have believed that he did not know he had 'been convicted . . . of[] a crime punishable by imprisonment for a term exceeding one year.'") (alteration in original) (quoting 18 U.S.C. § 922(g)(1)). Finally, as in Greer, Pacheco does not argue or suggest that he would have presented evidence at trial that he lacked knowledge of his status as a felon at the time he possessed firearms. See Greer, 141 S. Ct. at 2098.

Based on the foregoing, the court concludes that Pacheco has failed to demonstrate that the conduct of which he was convicted is no longer criminal in light of Rehaif. Because Pacheco has not satisfied the second prong of the Jones test, the court lacks jurisdiction over his petition.

### III. CONCLUSION

For the reasons stated herein, the court concludes that Pacheco cannot proceed under § 2241 because his petition fails to meet the requirements to invoke the savings clause of § 2255. Therefore, the court **GRANTS** the respondent's motion to dismiss and **DISMISSES** Pacheco's petition without prejudice for lack of jurisdiction. An appropriate order will be entered herewith.

Entered: June 3, 2022

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2022.06.03 13:23:43 -04'00'

Michael F. Urbanski
Chief United States District Judge